GARCÍA, DEMANDANTE Y APELANTE, *v.* COSTA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de honorarios por servicios profesionales.

No. 1566.—Resuelto en junio 19, 1917.

SERVICIOS PROFESIONALES—ASISTENCIA MÉDICA—SOCIEDAD DE GANANCIALES—AUTORIZACIÓN A LA MUJER PARA OBLIGAR A LA SOCIEDAD.—Para que la mujer pueda obligar a la sociedad de gananciales por servicios profesionales de asistencia médica prestados a una hija que salió de la patria potestad por virtud de matrimonio, y que ha formado hogar independiente y constituído con su esposo una sociedad de gananciales distinta, con cargas y obligaciones propias necesita estar autorizada por el marido, que es el administrador de los bienes de la sociedad conyugal y tal autorización debe probarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo López Tizol.*

Abogados de los apelados: *Sres. Francisco de la Torre y Pedro Gómez Laserre.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El demandante Dr. Esteban García Cabrera presentó demanda a la Corte de Distrito de San Juan, Sección 1ª., con súplica de que los esposos demandados José Costa y Marcolina Morales, fueran condenados a pagarle la suma de $505 en remuneración de servicios profesionales prestados, con más las costas, gastos y desembolsos del pleito y honorarios de abogado.

Como hechos determinantes de su acción alega el demandante: que fué requerido en uno de los primeros días del mes de noviembre 1914 por los demandados para que se hiciera cargo de la asistencia y curación de su hija Isabel Costa y Morales, enferma entonces en esta ciudad de San Juan, y a virtud de haber convenido demandante y demandados en que éstos pagarían a aquél sus honorarios desde el día del requerimiento hasta la curación de la enferma, prestó sus servicios profe--

sionales a dicha enferma por cuenta de los demandados du-
rante el espacio de dos meses, más o menos, cuyos servicios.
valora en la suma de $505 que se han negado a pagarle los de-
mandados no obstante los requerimientos y gestiones practi-
cadas para su cobro.

Los demandados al contestar la demanda niegan que el es-
poso Juan Costa o la esposa Marcolina Morales, por sí o au-
torizada por su esposo, hayan solicitado en ocasión alguna los
servicios profesionales del demandante para asistir y curar
a su hija Isabel Costa que es una mujer mayor de edad y ca-
sada con Gaspar Forteza, a quien incumbía, si acaso, la obli-
gación cuyo cumplimiento se les reclama.

Celebrado el juicio la corte dictó sentencia en 16 de marzo
de 1915 por la que declara sin lugar la demanda con impo-
sición de costas a la parte demandante. Esa sentencia está
sometida a nuestra consideración a virtud de recurso de ape-
lación contra ella interpuesto por el demandante.

Alega la parte apelante como motivos del recurso los si-
guientes:

1º. Que la corte cometió error en la apreciación de la
prueba, (*a*) por estar la preponderancia de ella a favor del de-
mandante y en contra de los demandados, (*b*) por despren-
derse de la misma que la demandada se obligó con el deman-
dante a nombre de la sociedad conyugal, (*c*) por haberse pro-
bado que el marido dió autorización a su esposa para que
ordenara todo lo necesario para la curación de su hija enferma
Isabel Costa; y 2º. que también cometió error por aplicación
indebida de los artículos 61 y 1416 del Código Civil español
derogados expresamente por nuestra legislatura.

La demanda se ha establecido bajo la teoría de que la
sociedad de gananciales constituída por los esposos deman-
dados José Costa y Marcolina Morales convino con el deman-
dante en pagarle los honorarios que devengara por asistencia
médica a la hija de aquéllos Isabel Costa y Morales. La corte

de San Juan en la opinión que sirve de fundamento a su sentencia llegó a la siguiente conclusión:

"Para que la Señora Marcolina Morales pudiese obligar a la sociedad de gananciales en un caso como el presente, necesitaba estar autorizada por el administrador de la sociedad conyugal, y como no ha habido prueba que demuestre que existió esta autorización, entendemos que el demandante no tiene derecho a exigir de los demandados la cantidad que reclama en la demanda."

Las pruebas practicadas en el juicio sostienen la anterior conclusión y no encontramos razón bastante para ir contra ella. Veámoslo.

*Testigo Dr. Esteban García Cabrera.*—A requerimiento de Gaspar Forteza, esposo de Isabel Costa, prestó asistencia médica a ésta desde los últimos días de octubre de 1914 hasta el 10 u 11 de noviembre siguiente en que habiéndose encontrado con Marcolina Morales en la casa de la enferma habló con aquélla sobre el estado de su hija Isabel indicándole que en la casa no podía asistirla, en vista de lo cual la madre lo autorizó para llevarla al hospital, pues ella y su esposo se hacían cargo de la curación y se obligaban a satisfacer los gastos de su asistencia médica. Desde entonces siguió el testigo asistiendo a Isabel por cuenta de los esposos Costa-Morales, pues la esposa le dijo: "Doctor, trate a mi hija, hágase cargo de toda la asistencia, no la opere si es posible, porque yo le tengo miedo a las operaciones, pero todo lo que tenga que hacer hágalo por nuestra cuenta porque yo vengo por orden de mi esposo a hacerme cargo de la curación de mi hija." Ante esa manifestación la asistencia médica siguió desde entonces por cuenta de los esposos Costa.

*Testigo Evaristo Freiría.*—Llamó a Juncos por teléfono al padre de la enferma, José Costa, comunicándole que era necesaria su presencia en San Juan, pues su hija Isabel estaba muy grave y según la opinión médica había que llevarla al hospital para salvarle la vida, siendo necesario que viniera para hablar a los médicos y también porque el marido no estaba en condi-

ciones económicas para sufragar ciertos gastos que se originaran habiéndole contestado Costa que si no podía venir él, vendría la señora, como efectivamente vino ésta al siguiente día.

*Testigo Julia Cerdeiro.*—Presenció la entrevista entre el Dr. García Cabrera y Marcolina Morales habiendo dicho ésta al doctor que curase a su hija lo mejor que pudiese sin necesidad de operación, si era posible porque ella le tenía muchísimo miedo a la operación, pero que si no era posible la operase, y no omitiera ningún gasto porque ella venía de orden de su esposo y ambos pagarían todos los gastos que se hicieran para la curación de la enferma.

*Testigo José Costa.*—Tuvo conocimiento de la enfermedad de su hija por conversación telefónica con Freiría. Niega haber tratado con el Dr. García Cabrera sobre la curación de su hija y haber autorizado a su esposa para que viniera a esta ciudad a hacerse cargo de su asistencia y a pagar los honorarios devengados por el Dr. García Cabrera.

*Testigo Marcolina Morales de Costa.*—Tuvo una conversación con el Dr. García Cabrera en que el doctor le dijo ser necesario operar a su hija, queriendo el doctor que ella se comprometiera a pagar los honorarios de la operación, a lo que se negó sin que en la entrevista se tratara de otros gastos.

No hay duda alguna sobre la realidad de los servicios profesionales prestados por el demandante a la hija de los demandados, Isabel Costa de Forteza, y sobre la justa valoración de los mismos.

Las declaraciones del Dr. García Cabrera y de Julia Cerdeiro revelan que si la demandada Marcolina Morales se obligó a pagar los honorarios que aquél devengara por asistencia de la enferma, esa obligación se contrajo a nombre de la sociedad conyugal Costa-Morales; y faltando prueba, como estima el juez en su opinión, de que el demandado Costa autorizara a su esposa codemandada para contraer dicha obligación, no puede ser obligada la sociedad de gananciales Costa-Morales al pago de los honorarios que se le reclaman.

El artículo 1323 comprendido en la Sección 4ª., Capítulo IV, Título III, Libro IV del Código Civil, cuya sección lleva por epígrafe "De las cargas y obligaciones de la sociedad de gananciales," ordena en su número 1°. que "serán de cargo de la sociedad de gananciales, todas las deudas y obligaciones contraídas durante el matrimonio por el marido y también las que contrajere la mujer en los casos en que pueda legalmente obligar a la sociedad."

La obligación de que se trata no fué contraída por el demandado José Costa y tampoco encontramos precepto alguno legal que autorizara a su esposa Marcolina Morales para contraerla obligando a la sociedad de gananciales.

· La parte apelante sostiene que la esposa demandada pudo obligar a la sociedad de gananciales, alegando que los artículos 61 y 1416 del Código Civil español que se lo impedían no figuran en el Código Revisado.

Debemos hacer constar que el juez no funda su decisión en los artículos citados sino en el concepto de administrador de los bienes de la sociedad conyugal que el código vigente y el anterior reconocían al marido.

A la alegación de la parte apelante contestamos transcribiendo lo que ya dijimos al resolver el caso de *Longpré* v. *El Registrador de la propiedad de San Juan,* 24 D. P. R. 896:

"Y no cabe decir que la supresión de los artículos 61 y 1416 del anterior código borró la necesidad de ese consentimiento (del consentimiento del marido para comprar la mujer con bienes gananciales) porque el 159 del actual sólo le permite a la mujer emplear tales bienes en el único caso que menciona. La falta de capacidad en la mujer para emplear los bienes gananciales, a menos que su marido consienta, es consecuencia del carácter de administrador que la ley le reconocía y le reconoce, y no provenía de la prohibición consignada en el artículo 61 suprimido que se refería a la incapacidad para contratar aún con sus bienes privativos sin permiso de su marido, prohibición que ahora no tiene la mujer en cuanto a éstos. Corrobora nuestra opinión que el artículo 161 del actual código permite a la mujer contratar por sí y comparecer en juicio para lo

que se refiera a la defensa de sus derechos o de sus bienes propios, lo que demuestra que no puede contratar por sí cuando no es con bienes propios como no lo son los gananciales.''

El mismo artículo 1323 del Código Civil ordena también en su número 5°. que será de cargo de la sociedad de gananciales el sostenimiento de la familia, el cual según Manresa comprende la satisfacción de todas las necesidades de la misma, el deber de alimentos, o sea el sustento, habitación, vestido y asistencia médica, como expresa el artículo 142 del Código Civil español (212 del revisado).

El anterior precepto no regula el presente caso en que se trata de servicios médicos prestados a una hija que salió de la patria potestad por su matrimonio con Gaspar Forteza, formando hogar independiente y constituyendo ambos la sociedad de gananciales de Costa-Forteza con cargas y obligaciones distintas de las de Costa-Morales.

En apoyo de su contención invoca la parte apelante el artículo 1599 del Código Civil que cree aplicable al caso en consonancia con lo que dispone el 1313, pero aún en el supuesto de que dichos artículos pudieran gobernar el presente recurso, no prosperaría éste por falta de prueba de los requisitos que el primero de esos artículos enumera.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.